CLEVELAND J. MARCEL, Sr., Judge Pro Tem.
This suit arises out of a collision between a New Orleans Public Service, Inc., bus and a vehicle driven by Melvin Taplet. Plaintiff-appellant’s minor son, Dexter, was a passenger aboard the bus and sustained injuries.
After trial on the merits there was judgment in favor of Lee Smith in behalf of his minor son, Dexter, in the sum of $850, and in favor of Lee Smith, in the sum of $332.50; expert fee of Dr. Brown was awarded in the sum of $125.00. From this judgment plaintiff has appealed. The sole issue on this appeal is that of quantum.
The accident occurred at the intersection of Flood Street and North Galvez Street in New Orleans on November 12, 1970. The following day, Dexter was examined by Dr. James E. Brown at the Methodist Hospital. Dr. Brown obtained a history beginning November 12, 1970 of an accident wherein the bus Dexter was riding in as a passenger stopped short and he was thrown against an iron rail and sustained trauma to the left lower quadrant and the left iliac area.
Dr. Brown admitted Dexter to Methodist Hospital on November 13, 1970. Multiple x-rays were taken and they were essentially negative. Dexter was discharged from the hospital on November 17, 1970. At this time, Dr. Brown’s diagnosis was that Dexter had sustained a contusion of the left iliac wing, and a contusion of the abdomen. On the date of his next examination and discharge of the patient, Dr. Brown stated that Dexter appeared to be all right and he instructed him, “If you have problems, come back and see me.”
Three months later, on February 13, 1971, Dexter was examined by Dr. Louis A. Ensénate. The history given at this time was the same given to Dr. Brown. Dr. Ensénate reported “His chief complaints were of abdominal pain and when he passed water, it .burned, also his water was dark. It wasn’t like that before.”
Dr. Ensénate diagnosed Dexter’s condition as a contusion of the lower abdomen, contusion and abrasion of the left hip, possible internal injury involving the left kidney and a fever of unknown origin (possibly connected to the possible internal injury)-
The trial court was of the opinion that Dexter’s condition as a result of the accident had resolved by the time he was discharged from Dr. Brown’s care. Dr. Brown found him without any residual effects from the accident on the date of his last examination.
The plaintiff assigns error to the fact that the trial court disregarded the testimony of Dr. Louis A. Ensénate. Dr. Ensénate first saw the plaintiff three months after the accident and almost two months after Dr. Brown discharged him. There is ample evidence in the record to support the trial judge’s finding that the plaintiff’s injuries as a result of the accident had resolved at the time Dr. Brown discharged him in December of 1970.
The trial court is accorded wide discretion in assessing the truthfulness and accuracy of the evidence and testimony of witnesses. We do not find that the trial judge abused that discretion.
For the foregoing reasons assigned, the judgment of the lower court is affirmed at appellant’s cost.
Affirmed.